

AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Black Google HTC Cell Phone<br>S/N: HT9CXP806843 | ) ) ) ) ) ) Case No. '13MJ1535 |



13 APR 18 AM 8:55

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-3, incorporated herein by reference.

located in the _____Southern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B-3, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1956 | Money Laundering |
| 31 U.S.C. § 5332 | Bulk Cash Smuggling |

The application is based on these facts:

See attached Affidavit of HSI Special Agent John Chakwin, III.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

JOHN CHAKWIN III, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____04/17/2013_____

_____
Judge's signature

City and state: San Diego, California          Hon. DAVID H. BARTICK, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A-3
## (PROPERTY TO BE SEARCHED)

A black Google HTC cellular telephone, bearing:

IMEI #:    354957031799821
Serial #:  HT9CXP806843

currently in the possession of Homeland Security Investigations at 185 West "F" Street, San Diego, California 92101. The telephone's back and identification label are pictured below.


**Back**


**Identification Label**

## ATTACHMENT B-3
## (ITEMS TO BE SEIZED)

Certain communications, records, and data of Elba Esther GORDILLO-Morales (and any similar name variations), such as emails, text messages, photographs, audio files, videos, contacts, calendar items, memoranda, tasks, location data, and other files **limited to** items that tend to:

1. indicate efforts to engage in bulk cash smuggling and/or money laundering;

2. identify other facilities, storage devices, and/or services — such as email addresses, IP addresses, and phone numbers — that may contain electronic

1

        evidence tending to indicate efforts to engage in bulk cash smuggling and/or money laundering;

3. identify co-conspirators, criminal associates, and/or others involved in bulk cash smuggling and/or money laundering;

4. identify travel to and/or presence at airports, ports of entry, banks, financial institutions, and other locations where bulk cash smuggling and/or money laundering may take place;

5. identify the user of, or persons with control over or access to, the subject telephone; or

6. place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.

**which evidence:** (1) money laundering (18 U.S.C. § 1956); and (2) bulk cash smuggling (31 U.S.C. § 5332), in the Southern District of California for the period 2009 through the date the Court signs this search warrant.

### Electronic Search Protocol

      The seizure and search of the subject cellular telephone shall be conducted in accordance with the "Procedures for Electronically Stored Information" section of the affidavit submitted in support of the search warrant application.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>Black Samsung Cell Phone<br>S/N: R29B445377A<br><br>Black Palm Treo Cell Phone<br>S/N: P4GU0C68H022<br><br>Black Google HTC Cell Phone<br>S/N: HT9CXP806843<br><br>Black Motorola Cell Phone<br>S/N: 354VLCBYLN | No. _____<br><br>AFFIDAVIT OF HSI SPECIAL AGENT JOHN CHAKWIN, III |

I, JOHN CHAKWIN, III, being duly sworn, declare under penalty of perjury that the following is true:

I

**PURPOSE OF AFFIDAVIT**

1. This affidavit supports applications for search warrants for four cellular telephones: SAMSUNG PHONE,[1] PALM PHONE,[2] GOOGLE PHONE,[3]

---

[1] "SAMSUNG PHONE" refers to a black Samsung cellular telephone, bearing serial number R29B445377A.

[2] "PALM PHONE" refers to a black Palm Treo cellular telephone, bearing serial number P4GU0C68H022.

[3] "GOOGLE PHONE" refers to a black Google HTC cellular telephone, bearing serial number HT9CXP806843.

1

and MOTOROLA PHONE,⁴/ more fully described in Attachments A-1, A-2, A-3, and A-4, respectively.

2.   Based on my training and experience, my conversations with other law enforcement agents, and my knowledge of the facts of this investigation, I have probable cause to believe that the following federal crimes have been committed: (1) money laundering (18 U.S.C. § 1956); and (2) bulk cash smuggling (31 U.S.C. § 5332); and that the aforementioned cellular telephones currently conceal or are: evidence of these crimes; and property designed for use, intended for use, or used in committing a crime.

3.   All the conclusions and beliefs set forth in this affidavit are based on my training and experience, conversations with other agents, and my knowledge of all the facts of this investigation. All the dates, times, and amounts listed in this affidavit are exact figures or best approximations. This affidavit sets forth only the facts necessary to support the issuance of the requested search warrants; it does not include each and every fact known to me concerning this investigation.

## II

### TRAINING AND EXPERIENCE

4.   My training and experience is set forth in the application and affidavit supporting search warrant number 13MJ0934 for GORDILLO'S HOME,⁵/ which are attached as Exhibit 1 and incorporated fully herein by reference.

---

⁴/   "MOTOROLA PHONE" refers to a black Motorola cellular telephone, bearing serial number 354VLCBYLN.

⁵/   "GORDILLO'S HOME" refers to 23 Green Turtle Rd., Coronado, California 92118, which is in the Coronado Cays neighborhood.

III

**PROBABLE CAUSE OF CRIMINAL ACTIVITIES**

5.  Probable cause for the criminal activities is set forth fully in the attached Exhibit 1. In summary, the affidavit sets forth probable cause that Elba Esther GORDILLO-Morales has been involved in bulk cash smuggling and money laundering within the Southern District of California.

IV

**PROBABLE CAUSE AS TO THE PROPERTY TO BE SEARCHED**

6.  On March 8, 2013, at 6:05 a.m., Homeland Security Investigations agents executed search warrant number 13MJ0934 at GORDILLO'S HOME and seized numerous items, including the aforementioned four cellular telephones. In the downstairs office of GORDILLO'S HOME, agents seized the MOTOROLA PHONE, and in one of the bedrooms in GORDILLO'S HOME agents seized the SAMSUNG PHONE, PALM PHONE, and GOOGLE PHONE. The back of the GOOGLE PHONE bears the engraved name of "Elba Esther Gordillo Morales."

V

**PROBABLE CAUSE FOR THE ITEMS TO BE SEIZED**

A.  **Items to Be Seized**

7.  In addition to the facts previously discussed, I have probable cause to believe that the aforementioned four cellular telephones conceal the items set forth in Attachments B-1, B-2, B-3, and B-4 for the following reasons.

8.  I know that cellular telephones, personal data assistants (PDAs), and other electronic communication devices often contain communications, records, and data, such as emails, text messages, photographs, audio files, videos, contacts, calendar items, memoranda,

3

tasks, location data, and other files.  I also know that bulk cash smugglers and money launderers often use cellular telephones, PDAs, and other electronic communication devices to make communications regarding their crimes and to keep records regarding their illicit activities.  In particular, the cellular telephones, PDAs, and electronic communication devices of bulk cash smugglers and money launderers will often contain items that tend to:

   a.   indicate efforts to engage in bulk cash smuggling and/or money laundering;

   b.   identify other facilities, storage devices, and/or services — such as email addresses, IP addresses, and phone numbers — that may contain electronic evidence tending to indicate efforts to engage in bulk cash smuggling and/or money laundering;

   c.   identify co-conspirators, criminal associates, and/or others involved in bulk cash smuggling and/or money laundering;

   d.   identify travel to and/or presence at airports, ports of entry, banks, financial institutions, and other locations where bulk cash smuggling and/or money laundering may take place;

   e.   identify the user of, or persons with control over or access to, the subject telephone; or

   f.   place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.

**B.   Time Period**

9.   On March 7, 2013, HSI's attache in Mexico City informed HSI agents that Mexican officials have charged GORDILLO with crimes relating to the embezzlement described during the period of 2009 to the present.  On April 4, 2013, I personally met with Mexican

4

officials in Mexico City, Mexico, and they confirmed that GORDILLO's crimes date back at least this far. A review of charging documents, investigator's reports, documents, and evidence provided by Mexican officials relating to GORDILLO indicates that these crimes in fact date back to at least 2008.

## VI

### PROCEDURES FOR ELECTRONICALLY STORED INFORMATION

10. It is not possible to determine, merely by knowing the cellular telephone's make, model, and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services, and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to

1 forensic data acquisition or that have potentially relevant data
2 stored that is not subject to such acquisition, the examiner must
3 inspect the device manually and record the process and the results
4 using digital photography. This process is time and labor intensive
5 and may take weeks or longer.

6     11. Following the issuance of this warrant, I will collect the
7 subject cellular telephone(s) and subject it/them to analysis. All
8 forensic analysis of the data contained within the telephone(s) and
9 its/their memory cards will employ search protocols directed
10 exclusively to the identification and extraction of data within the
11 scope of this warrant.

12     12. Based on the foregoing, identifying and extracting data
13 subject to seizure pursuant to this warrant may require a range of
14 data analysis techniques, including manual review, and, consequently,
15 may take weeks or months. The personnel conducting the identification
16 and extraction of data will complete the analysis within **ninety (90)**
17 **days**, absent further application to this Court.

## VII

## CONCLUSION

20     13. I respectfully request that the Court authorize the
21 requested search warrants.

22     DATED: April 17, 2013.

JOHN CHARWIN, III, Special Agent
Homeland Security Investigations

SUBSCRIBED and SWORN to before me on April 17, 2013, in San Diego, California.

Hon. DAVID H. BARTICK
United States Magistrate Judge

6